# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

---

CARLA JEAN DAHL US CENSUS,
and MAJOR FRED BABCOCK USMC,        Civil No. 14-0463 (SRN/JJG)

        Plaintiffs,

v.                       **REPORT AND
RECOMMENDATION**

TOP SECRET CLASSIFIED INFORMATION,

        Defendant.

---

This case is before the undersigned United States Magistrate Judge on Plaintiffs' application for leave to proceed in forma pauperis, ("IFP"). (Docket No. 2.) The matter has been referred to this Court for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, it is recommended that Plaintiffs' IFP application be denied, and that this action be dismissed.

An IFP application will be denied, and the action will be dismissed, when the IFP applicant has filed a complaint that fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam).

To state an actionable claim for relief, a complaint must allege a set of specific historical facts, which, if proven true, would entitle the complainant to some legal recourse against the named defendant(s), based on some cognizable legal theory. See Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980) (although federal courts

must "view pro se pleadings liberally, such pleadings may not be merely conclusory: the complaint must allege facts, which if true, state a claim as a matter of law").   The facts supporting a plaintiff's claims must be clearly alleged.   Federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint."   Stone v. Harry, 364 F.3d 912, 915 (8th Cir. 2004).

In this case, Plaintiffs' complaint is incomprehensible.   Plaintiffs are attempting to sue one or more defendants identified only as "Top Secret Classified Information." The "statement of the claim" section of the complaint likewise says only "Top Secret Classified Information."   The "request for relief" section of the complaint also says only "Top Secret Classified Information."

A complaint fails to state a cause of action if it does not allege "enough facts to state a claim to relief that is plausible on its face."   Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).   Plaintiffs' current complaint clearly does not meet this standard.   The complaint does not describe any specific acts or omissions by any identifiable Defendant that could entitle Plaintiffs to any relief under any legal theory. The Court finds that even with the liberal construction that is required in pro se cases, Plaintiffs' current complaint clearly fails to state a cause of action on which relief may be granted.

Because Plaintiffs have failed to plead an actionable claim for relief, their IFP application must be denied, and this case must be summarily dismissed, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## RECOMMENDATION

Based upon the foregoing and all of the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1.    Plaintiffs' application for leave to proceed in forma pauperis, (Docket No. 2), be **DENIED**; and

2.    This action be summarily **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).


Dated:   February 27, 2014            _s/ *Jeanne J. Graham*_____
                                                          JEANNE J. GRAHAM
                                                          United States Magistrate Judge


## NOTICE

Pursuant to District of Minnesota Local Rule 72.2(b), any party may object to this Report and Recommendation by filing and serving specific, written objections by **March 17, 2014**.  A party may respond to the objections within fourteen days after service thereof. Any objections or responses shall not exceed 3,500 words.  The District Judge will make a de novo determination of those portions of the Report and Recommendation to which objection is made.